In re:                                                                    Case No. 22-13324-aih

Eric J. Heisig                                                           Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-1                          User: nbrow                                    Page 1 of 2
Date Rcvd: Nov 15, 2022                        Form ID: pdf700                          Total Noticed: 27

The following symbols are used throughout this certificate:

**Symbol      Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
              regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 17, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Eric J. Heisig, 3115 W. 11th St. UPPER, Cleveland, OH 44109-1803 |
| 27362381 | + | Bank of America, PO Box 672050, Dallas, TX 75267-2050 |
| 27362386 | | Citi Cards, PO Box 60004, Sioux Falls, SD 57117-6004 |
| 27362390 | + | David J. Phillips, 6519 Haines Lane, West Olive, MI 49460-9325 |
| 27362393 | | Earnest, P.O. Box 9202, Wilkes Barre, PA 18773-9202 |
| 27362394 | | Earnest, PO Box 9250, Wilkes Barre, PA 18773-9250 |
| 27362395 | | Firstmark Services, PO Box 2977, Omaha, NE 68103-2977 |
| 27362399 | | LendingClub corp, Wells Fargo Lock Box Services, Lockbox Services #134268, 3340 Flair Drive, El Monte, CA 91731 |
| 27362401 | + | MM&M Properties, 15831 Munn Rd, Cleveland, OH 44111-2006 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 27362380 | | Email/Text: creditcardbkcorrespondence@bofa.com | Nov 15 2022 20:55:00 | Bank of America, PO Box 15019, Wilmington, DE 19886-5019 |
| 27362382 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 15 2022 21:04:56 | Best Buy Credit Services, PO Box 790441, Saint Louis, MO 63179-0441 |
| 27362383 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 15 2022 21:04:48 | Best Buy Visa, PO Box 78009, Phoenix, AZ 85062-8009 |
| 27362389 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Nov 15 2022 20:55:00 | Citizens, PO Box 82522, Lincoln, NE 68501-2522 |
| 27362387 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 15 2022 21:04:43 | Citi Cards, PO Box 70166, Philadelphia, PA 19176-0166 |
| 27362388 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 15 2022 21:04:42 | Citibank Customer Service, PO Box 6500, Sioux Falls, SD 57117-6500 |
| 27362392 | | Email/Text: mrdiscen@discover.com | Nov 15 2022 20:55:00 | Discover, PO Box 30943, Salt Lake City, UT 84130-0943 |
| 27362391 | | Email/Text: mrdiscen@discover.com | Nov 15 2022 20:55:00 | Discover, PO Box 70176, Philadelphia, PA 19176-0176 |
| 27362396 | | Email/Text: Hcabankruptcy-courtnotices@hcamerica.com | Nov 15 2022 20:56:00 | Hyundai Motor Finance, PO Box 650805, Dallas, TX 75265-0805 |
| 27362397 | | Email/Text: Hcabankruptcy-courtnotices@hcamerica.com | Nov 15 2022 20:56:00 | Hyundai Motor Finance, PO Box 20809, Fountain Valley, CA 92728-0809 |
| 27362384 | | Email/PDF: ais.chase.ebn@aisinfo.com | Nov 15 2022 21:04:44 | Chase, PO Box 15298, Wilmington, DE 19850-5298 |
| 27362385 | | Email/PDF: ais.chase.ebn@aisinfo.com | Nov 15 2022 21:04:44 | Chase Bank, PO Box 6294, Carol Stream, IL 60197-6294 |
| 27362398 | + | Email/Text: Documentfiling@lciinc.com | Nov 15 2022 20:55:00 | Lending Club Bank, NA, 595 Market St., Suite 200, San Francisco, CA 94105-2802 |
| 27362400 | | Email/Text: Documentfiling@lciinc.com | | |

|  |  | Nov 15 2022 20:55:00 | LendingClub Corp., PO Box 884268, Los Angeles, CA 90088-4268 |
|---|---|---|---|
| 27363106 | + Email/PDF: rmscedi@recoverycorp.com | Nov 15 2022 21:04:56 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 27362402 | Email/PDF: gecsedi@recoverycorp.com | Nov 15 2022 21:04:45 | Pay Pal Credit Services, PO Box 960006, Orlando, FL 32896-0006 |
| 27362403 | Email/PDF: gecsedi@recoverycorp.com | Nov 15 2022 21:04:39 | PayPal Credit, PO Box 530993, Atlanta, GA 30353-0993 |
| 27362404 | Email/PDF: gecsedi@recoverycorp.com | Nov 15 2022 21:04:45 | PayPal Credit Services/GECRB, P.O. Box 965004, Orlando, FL 32896-5004 |

TOTAL: 18

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 17, 2022          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 2, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Susan M. Gray | on behalf of Debtor Eric J. Heisig smgray@smgraylaw.com sgrayecfmail@gmail.com;mariesr74955@notify.bestcase.com |

TOTAL: 1

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Eric J. Heisig** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | NORTHERN DISTRICT OF OHIO | |
| | | | |
| Case number: | | | |
| (If known) | | | |

*22-13324*

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$1032.15** per **Month** for **50** months
**$1502.34** per **Month** for **10** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
 *Check one.*

Debtor    **Eric J. Heisig**                                    Case number _____

☐    Debtor(s) will retain any income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑    Debtor(s) will treat income refunds as follows:  Mr. Heisig will comply with the Confirmation Order

**2.4 Additional payments.**
*Check one.*
☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $66,630.90.**

**Part 3:    Treatment of Secured Claims**

**3.1    Maintenance of payments and cure of default, if any.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Hyundai Motor Finance** | **2020 Hyundai Elantra 34895 miles** | **$8,341.32** | **7.50%** | **$241.67** | **$9,425.10** |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:    Treatment of Fees and Priority Claims**

Debtor    **Eric J. Heisig**                                    Case number

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**3,715.80**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,300.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☑ The sum of $59,782.00
☑     33    % of the total amount of these claims, an estimated payment of $59,782.00
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Debtor | Eric J. Heisig | | | Case number | | |
|--------|---------------|--|--|-------------|--|--|

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|------------------|------------------------------------------------------|------------------------------|---------------------------------|-------------------------------------------------------------------|--------------------------------------|
| **MM&M Properties** | **Residential Lease** | $815.00 | $0.00 | NA | $0.00 |

Disbursed by:
- ☐ Trustee
- ☑ Debtor(s)

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1**      **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ☑ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1**      **Check "None" or List Nonstandard Plan Provisions**
     ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced. No later than 30 days After all payments have been made to satisfy the claim of Hyundai Motor Finance, in approximately 39 months, Hyundai Motor Findnace will release the lien on the collateral, 2020 Hyundai Elantra Silver*

## Part 9: Signature(s):

**9.1**      **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Eric J. Heisig**                X
     **Eric J. Heisig**                        Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **October 28, 2022**             Executed on _____

X    **/s/ Susan M. Gray**                Date    **October 28, 2022**
     **Susan M. Gray**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor    **Eric J. Heisig**            Case number          22-13324

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $9,425.10 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $6,015.80 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $51,441.10 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*     + | $0.00 |

**Total of lines a through j**            $66,882.00