UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: Eric Heisig | In Proceedings Under Chapter 13 |
| Debtor. | Case No. 22-13324 |
| | Judge Arthur I. Harris |
| | **Notice of Amended Plan** |

Mr. Eric Heisig, Petitioner herein, has filed an amended plan (Docket 15) to meet the objection regarding feasibility raised by the Chapter 13 Trustee. (Docket 14) The amendment is found at paragraph 5.1 which corrects an error in calculation. The dividend to unsecured creditors is unchanged at 33% but the anticipated payment is now correctly calculated at $51,441.10. A copy of the Amended Plan is attached hereto as Exhibit A.

Respectfully submitted:

**SUSAN M. GRAY ATTORNEYS
AND COUNSELORS AT LAW**
/s/ Susan M. Gray
SUSAN M. GRAY (0062356)
*Counsel for Mr. Heisig*
22255 Center Ridge Rd., Suite 106
Rocky River, Ohio 44116
Tel. (440) 331-3949
Fax. (440) 331-8160
Email: smgray@smgraylaw.com

| | | |
|---|---|---|
| Debtor 1 | **Eric J. Heisig** | |
| | First Name  Middle Name  Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name  Middle Name  Last Name | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF OHIO** | |
| Case number: | **22-13324** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
1.3; 5.1

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1032.15** per **Month** for **50** months
**$1502.34** per **Month** for **10** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

| Debtor | Eric J. Heisig | Case number | 22-13324 |
|---|---|---|---|

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows: Mr. Heisig will comply with the confirmation order

**2.4 Additional payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>66,630.90</u>.

**Part 3: Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Hyundai Motor Finance** | **2020 Hyundai Elantra 34895 miles** | **$8,341.32** | **7.50%** | **$241.67** <br>Disbursed by: <br>☑ Trustee <br>☐ Debtor(s) | **$9,425.10** |

*Insert additional claims as needed.*

**3.4** **Lien avoidance**.

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4: Treatment of Fees and Priority Claims**

Official Form 113         Chapter 13 Plan         Page 2

| Debtor | Eric J. Heisig | Case number | 22-13324 |
|---|---|---|---|

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.20**% of plan payments; and during the plan term, they are estimated to total $**3,464.70**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,300.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5: Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ **51,441.10**.
☑ **33** % of the total amount of these claims, an estimated payment of $ **51,441.10**.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

**Part 6: Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Debtor | Eric J. Heisig | | Case number | 22-13324 | | |

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| MM&M Properties | Residential Lease | $0.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☐ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney
If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

X /s/ Eric J. Heisig
Eric J. Heisig
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on December 30, 2022

Executed on _____

X /s/ Susan M. Gray
Susan M. Gray
Signature of Attorney for Debtor(s)

Date December 30, 2022

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113     Chapter 13 Plan     Page 4

Exhibit A p. 4

22-13324-aih    Doc 16    FILED 01/02/23    ENTERED 01/02/23 14:25:27    Page 5 of 8

Debtor **Eric J. Heisig** Case number **22-13324**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $9,425.10 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,764.70 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $51,441.10 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $66,630.90 |

Certificate of Service

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Susan M. Gray**    smgray@smgraylaw.com, sgrayecfmail@gmail.com;mariesr74955@notify.bestcase.com
- **Lauren A. Helbling**    ch13trustee@ch13cleve.com, lhelbling13@ecf.epiqsystems.com
- **United States Trustee**    (Registered address)@usdoj.gov

In addition, the following were served by regular United States Mail this January 2, 2023:

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | Bank of America<br>PO Box 15019<br>Wilmington, DE 19886-5019 | Bank of America<br>PO Box 672050<br>Dallas, TX 75267-2500 |
| Best Buy Credit Services<br>PO Box 790441<br>Saint Louis, MO 63179 | Best Buy Visa<br>PO Box 78009<br>Phoenix, AZ 85062-8009 | Chase<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Chase Bank<br>PO Box 6294<br>Carol Stream, IL 60197-6294 | Citi Cards<br>PO Box 60004<br>Sioux Falls, SD 57117-6004 | Citi Cards<br>PO Box 70166<br>Philadelphia, PA 19176-0166 |
| Citibank Customer Service<br>PO Box 6500<br>Sioux Falls, SD 57117 | Citizens<br>PO Box 82522<br>Lincoln, NE 68501-2522 | Citizens Bank N.A.<br>One Citizens Bank Way<br>Mailstop JCA115<br>Johnston, RI 02919 |
| David J. Phillips<br>6519 Haines Lane<br>West Olive, MI 49460 | Discover<br>PO Box 70176<br>Philadelphia, PA 19176-0176 | Discover<br>PO Box 30943<br>Salt Lake City, UT 84130-0943 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Earnest<br>P.O. Box 9202<br>Wilkes Barre, PA 18773-9202 | Earnest<br>PO Box 9250<br>Wilkes Barre, PA 18773-9250 |
| Firstmark Services<br>PO Box 2977<br>Omaha, NE 68103-2977 | Hyundai Capital America<br>DBA Hyundai Motor Finance<br>P.O. Box 20809 | Hyundai Motor Finance<br>PO Box 650805<br>Dallas, TX 75265-0805 |

| | Fountain Valley, CA 92728 | |
|---|---|---|
| Hyundai Motor Finance<br>PO Box 20809<br>Fountain Valley, CA 92728-0809 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz, Schneid,<br>Crane & Partners, PLLC<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487 | Lending Club Bank, NA<br>595 Market St., Suite 200<br>San Francisco, CA 94105 |
| LendingClub Corp<br>Wells Fargo Lock Box Services<br>Lockbox Services #134268<br>3340 Flair Drive<br>El Monte, CA 91731 | LendingClub Corp.<br>PO Box 884268<br>Los Angeles, CA 90088-4268 | MM&M Properties<br>15831 Munn Rd<br>Cleveland, OH 44111 |
| NAVIENT PC TRUST<br>C/O Navient Solutions, LLC.<br>PO BOX 9640<br>Wilkes-Barre, PA 18773-9640 | Pay Pal Credit Services<br>PO Box 960006<br>Orlando, FL 32896-0006 | PayPal Credit<br>PO Box 530993<br>Atlanta, GA 30353-0993 |
| PayPal Credit Services/GECRB<br>P.O. Box 965004<br>Orlando, FL 32896-5004 | | |

/s/Susan M. Gray
Susan M. Gray
Attorney for Mr. Heisig